IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 16, 2005 Session

## STATE OF TENNESSEE v. MICHAEL R. HARNESS

**Appeal from the Criminal Court for Union County**
**No. 2298     E. Shayne Sexton, Judge**

---

**No. E2004-01946-CCA-R3-CD** - Filed October 11, 2005

---

The defendant, Michael R. Harness, pled guilty to attempted aggravated sexual battery, a Class C felony, and the Union County Criminal Court sentenced him as a child rapist to five years to be served at one hundred percent in the Department of Correction. The defendant appeals, contending that the trial court erred in applying enhancement factors in sentencing, in denying him alternative sentencing, and in sentencing him as a child rapist to serve his sentence at one hundred percent. We hold the trial court erred in classifying the defendant as a child rapist, in applying an enhancement factor, and in failing to apply a mitigating factor based on the defendant's poor health. We modify his sentence to four years with a release eligibility of thirty percent to reflect his status as a Range I, standard offender. In all other respects, we affirm the judgment of the trial court, and we remand the case for entry of a judgment consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Patricia Hall Long, Knoxville, Tennessee, for the appellant, Michael R. Harness.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William Paul Phillips, District Attorney General; and Amanda L. Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's sexually abusing his granddaughter. After a Union County grand jury indicted the defendant on two counts of aggravated sexual battery, he entered a nolo contendere plea to one count of attempted aggravated sexual battery with the sentence to be determined by the trial court. At the defendant's plea hearing, the parties stipulated to the following factual account of the crime: On or about August 1999 until May 2001, the defendant had sexual

contact with the victim, who was four years old in August 1999 and six years old in May 2001. On several occasions while the defendant was babysitting the victim, he asked the victim to fondle him. As a result, the victim underwent treatment at the Family Psychiatric Center in Knoxville, Tennessee. The findings by the Center were consistent with the victim's testimony about the sexual contact. The defendant could not recall the events.

At the sentencing hearing, the defendant testified that it was possible he sexually abused the victim but that he did not remember it happening. He said he entered the plea to avoid forcing his granddaughter to testify at trial. He said his actions caused the loss of the relationships he had with his children and grandchildren. He said that since these incidents occurred, his health had declined. He said he had a heart attack and a prolonged stay in the intensive care unit. He said he took heavy medications, had an ileostomy, and suffered from oxygen deprivation and congestive heart failure. He said that he would have no further contact with children and that he had not been around any children since charges were brought against him. He said he cared for his sister, who was very sick. He asked the court to place him on supervised probation and pledged to follow any conditions the trial court ordered.

The victim's uncle, James Harness, testified that his father, the defendant, had molested him when he was a child. He said that he developed psychological problems as a result of the abuse and that he had struggled with them his whole life. He said he never told anyone about the abuse. He said Micah Brandon, his sister and the victim's mother, did not know the defendant abused him until after the victim reported her abuse.

Micah Brandon testified that she left the victim and her other daughter in the defendant's care. She said she would not have left her daughters with the defendant if she had known he had molested her brother. She said the victim came forward because she did not want her sister to be molested. She said the victim told her therapist that the defendant had touched her and made her touch him.

The victim's stepfather, Joseph Brandon, testified that he wanted his stepdaughter to have faith in the justice system and see justice served. He said the victim wanted to make a statement. As a result, the trial court called the victim to the stand. The victim testified that she was nine years old. She said she wanted the defendant to go to jail to prevent him from abusing anyone else. She admitted that she was "doing pretty well."

The defendant's niece, Teresa Wyatt, testified that she saw the defendant a couple times a month. She said that the defendant was her neighbor while she was growing up and that she saw him almost every day. She said she never saw or suspected any inappropriate sexual activity by the defendant. She said the defendant helped care for his sister, who had terminal cancer. She said the defendant's health had declined in the past two years. She said the defendant was living in an isolated area where not many people or children lived. She said she had not seen the defendant around any children since the charges were brought.

The state introduced the defendant's presentence report into evidence. The report states that the defendant has no criminal history except one worthless check charge in 1995, which was dismissed on costs. It also states that the defendant's doctor confirmed that the defendant required oxygen, walked with a cane, and had congestive heart failure and an ileostomy. The report states that the defendant was on a variety of medications for his heart condition and that the defendant's health was poor.

At the sentencing hearing, the state neither recommended probation nor opposed it, but it argued that if the trial court granted the defendant alternative sentencing, the defendant's sentence should be the maximum sentence of six years. The state asked the trial court to consider the enhancement factors listed in the presentence report.

The trial court applied the following enhancement factors listed in Tennessee Code Annotated section 40-35-114: (2) the defendant has a previous history of criminal behavior, (8) the offense was committed to gratify the defendant's desire for pleasure or excitement, and (16) the defendant abused a position of private trust. See T.C.A. § 40-35-114 (2003).[1] The trial court found no applicable mitigating factors, and it sentenced the defendant to five years to be served at one hundred percent as a child rapist in the Department of Correction.

The defendant contends that the trial court violated the rule announced in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), by applying enhancement factors neither found by the jury nor admitted by the defendant to enhance his sentence from the minimum three years to five years. The defendant also contends the trial court failed to apply mitigating factors. The defendant asserts that the trial court ignored the presumption that he is a favorable candidate for alternative sentencing. The defendant also asserts that he is eligible for probation under Tennessee Code Annotated section 40-35-303(a). Finally, the defendant argues that the trial court erred in classifying him as a child rapist and ordering him to serve one hundred percent of his sentence. The state asserts that Tennessee's sentencing scheme does not violate the Sixth Amendment based on State v. Gomez, 163 S.W.3d 632 (Tenn. 2005). The state argues that the trial court properly imposed a sentence of five years, but it concedes that the trial court erred in applying enhancement factor (8). The state also argues that the trial court did not err in failing to apply any mitigating factors and that the trial court properly denied alternative sentencing. The state agrees, however, that the trial court erred in classifying the defendant as a child rapist.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of facts that are adequately supported in the record, and gave due consideration and proper

---

[1] We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102, -114, -210, -303, and -401. See 2005 Tenn. Pub. Acts ch. 353, §§ 1, 5, 6, 7, 8. However, the amended code sections are inapplicable to the defendant's appeal.

weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result was preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In this regard, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994). In conducting a de novo review, we must also consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf, and (7) the potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

## I. LENGTH OF SENTENCE

The defendant contends that the trial court violated the rule announced in Blakely by applying enhancement factors neither found by the jury nor admitted by the defendant to enhance his sentence from the minimum three years to five years and by failing to apply a mitigating factor. The state contends that Tennessee's sentencing scheme does not violate the Sixth Amendment based on Gomez. Additionally, the state contends the trial court properly imposed a sentence of five years as a Range I, standard offender, but it concedes the trial court erred in applying enhancement factor (8). The state further contends that the trial court did not err in failing to apply any mitigating factors.

The range of punishment for a Range I, Class C felon is three to six years. T.C.A. § 40-35-112(a)(3). Applicable to this case, unless there are enhancement factors present, the presumptive sentence to be imposed is the minimum in the range for a Class C felony. T.C.A. § 40-35-210(c) (2003). Our sentencing act provides that procedurally, the trial court is to increase each sentence within the range based upon the existence of enhancement factors and, then, reduce the sentence as appropriate for any mitigating factors. T.C.A. § 40-35-210(d), (e) (2003). The weight to be afforded an existing factor is left to the trial court's discretion as long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record.

T.C.A. § 40-35-210 (2003), Sentencing Commission Comments; <u>Moss</u>, 727 S.W.2d at 237; <u>see</u> <u>Ashby</u>, 823 S.W.2d at 169.

In <u>Blakely</u>, the United States Supreme Court held that other than prior convictions, any facts not reflected in the jury's verdict and used to increase a defendant's punishment above the presumptive sentence must be admitted by the defendant or found by the jury beyond a reasonable doubt. However, the Tennessee Supreme Court held that failure to object on Sixth Amendment grounds in the trial court waives the issue on appeal and that, in any event, Tennessee's sentencing procedures do not violate the Sixth Amendment right to trial by jury as interpreted by the Supreme Court in <u>Blakely</u> and <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738 (2005). <u>See</u> <u>Gomez</u>, 163 S.W.3d at 661. The record reflects that the defendant failed to object on Sixth Amendment grounds to the trial court's enhancement of his sentence. Accordingly, he has waived this issue. <u>See</u> T.R.A.P. 36(a).

The trial court applied the following enhancement factors listed in Tennessee Code Annotated section 40-35-114: (2) the defendant has a previous history of criminal behavior, (8) the offense was committed to gratify the defendant's desire for pleasure or excitement, and (16) the defendant abused a position of private trust. We conclude that the trial court correctly applied enhancement factors (2) and (16). In applying enhancement factor (2), the trial court relied on the testimony of James Harness, the defendant's son. James Harness testified that he was abused by the defendant when he was a child. The trial court found this testimony was sufficient to prove that the defendant had a long history of criminal behavior. In applying enhancement factor (16), the trial court found the defendant violated a position of private trust because he committed the offenses while he was entrusted with the care of the victim. We note that the defendant stipulated to the fact that he was acting as a babysitter for the victim at the times of the offenses.

We conclude the trial court erred in applying enhancement factor (8). Our supreme court has held that enhancement factor (8) is a necessary element of sexual battery and may not be used to enhance a defendant's sentence. <u>State v. Kissinger</u>, 922 S.W.2d 482, 489 (Tenn. 1996). The defendant pled to one count of attempted aggravated sexual battery. Attempt requires the intent to complete an action or cause a result that would constitute an offense. T.C.A. § 39-12-101(a)(3). Attempted sexual battery requires the intent to commit a sexual battery and the attempt necessarily includes the intent to gratify the defendant's desire for pleasure or excitement. Therefore, it cannot be used as an enhancement factor in this case.

We also conclude that the trial court erred in failing to apply a mitigating factor under Tennessee Code Annotated section 40-35-113(13) relative to the defendant's health. The presentence report states the defendant's health was poor, needing oxygen and a cane to walk. He had an ileostomy and congestive heart failure. We note that a Social Security Administration finding in 2003 reflected that the defendant was totally disabled and "seriously limited in his ability to understand and remember." We conclude the record justifies a sentence of four years.

## II. ALTERNATIVE SENTENCING

On appeal, the defendant contends that an alternative sentence is warranted in his case, and claims the trial court ignored the presumption that he is a favorable candidate for alternative sentencing. The defendant contends that he is eligible for probation under Tennessee Code Annotated section 40-35-303(a) because his sentence is eight years or less. The defendant argues that he is a good candidate for probation because he has no prior criminal record and that the statutory presumption of an alternative sentence was not overcome. The state argues that the trial court properly denied alternative sentencing. The state asserts that the trial court properly found that a denial of alternative sentencing is necessary to avoid depreciating the seriousness of the conduct in this case. We agree with the state.

When determining if confinement is appropriate, a trial court should consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5), -210(b)(5) (2003); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed. T.C.A. § 40-35-103(4).

We note that the defendant uses the phrases "alternative sentencing" and "probation" interchangeably. However, a trial court's determination of whether a defendant is entitled to alternative sentencing requires a different inquiry than that when full probation is considered. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When a defendant is entitled to the statutory presumption in favor of alternative sentencing, the state has the burden of overcoming the presumption. See T.C.A. § 40-35-102(6) (2003); Ashby, 823 S.W.2d at 169. On the other hand, a defendant has the burden of establishing suitability for full probation. See T.C.A. § 40-35-303(b) (2003); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995).

The defendant entered a nolo contendere plea for a Class C felony, making him a presumptive candidate for alternative sentencing under Tennessee Code Annotated section 40-35-102(6). See T.C.A. § 40-35-102(6) (2003). The trial court found that consideration of the defendant's past criminal behavior of sexually abusing his own son, along with the circumstances and nature of the offense, justified his serving the sentence in confinement. The trial court also found confinement necessary to avoid depreciating the seriousness of his conduct. The trial court stated that it was "real concerned about this type of thing occurring again." It also noted that the defendant's offense was reduced from aggravated sexual battery, which is not eligible for probation, to a Class C felony. The trial court did not believe the defendant had shown enough accountability for the offense and denied the defendant's application for alternative sentencing. We conclude the

evidence upon which the trial court relied justifies its conclusions and justifies the denial of an alternative sentence.

## III.  RELEASE ELIGIBILITY DATE

On appeal, the defendant argues that the trial court erred in sentencing him to serve one hundred percent of the five-year sentence imposed.  The defendant asserts the release eligibility for his sentence begins after service of thirty percent of his sentence for attempted aggravated sexual battery.  The state agrees that the defendant's sentence release eligibility should be thirty percent. We agree with the defendant and the state.

Initially, we note that the trial court classified the defendant as a Range I, standard offender with a release eligibility date of thirty percent.  However, defense counsel informed the trial court that pursuant to statute, the defendant's conviction rendered him a child rapist, requiring one hundred percent service of the sentence.  The state did not object.  The trial court accepted counsel's suggestion and reclassified him as a child rapist, required to serve one hundred percent of his sentence.  According to the transcript of the sentencing hearing, the trial court classified the defendant as a child rapist with a release eligibility date of one hundred percent.  However, the judgment of conviction classifies the defendant as a standard offender with a release eligibility at thirty percent.  If there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. See State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985).

Tennessee Code Annotated section 40-35-501 provides that release eligibility for a defendant sentenced as a Range I, standard offender is after service of thirty percent of the sentence. Attempted aggravated sexual battery is not one of the listed offenses requiring one hundred percent service of sentence. See T.C.A. § 40-35-501(i)(2).  Additionally, a conviction for attempted aggravated sexual battery does not result in a defendant being classified as a child rapist or require the entire sentence to be served with no release eligibility date. See T.C.A. § 39-13-523.  We conclude the trial court erred in classifying the defendant as a child rapist, required to serve one hundred percent of his sentence.  Therefore, the judgment as entered was correct.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we modify the defendant's sentence to four years as a Range I, standard offender with a release eligibility date after service of thirty percent of the sentence.  In all other respects, we affirm the judgment of the trial court, and we remand the case for entry of a judgment consistent with this opinion.

_____
JOSEPH M. TIPTON, JUDGE